1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERI LATRONICO, CAREY CARATINI, and BROOKE WOLF, individually and on behalf of their minor children and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MEDACCESS NETWORK HEALTH CARE PLAN; THE MEDICAL ACCESS NETWORK, LLC; RISEMED HEALTH; DEMARIS SERRANO; JENNIFER ACOSTA; and EMMA MANZANO,<br><br>Defendants. | No. 1:20-cv-01653-NONE-SKO<br><br>ORDER DIRECTING CLERK TO ASSIGN A DISTRICT JUDGE TO THIS MATTER AND CLOSE THE CASE<br><br>(Doc. 42) |

On September 11, 2021, Plaintiffs filed a stipulation, signed by all parties who have appeared, that this action be dismissed with prejudice pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure. (Doc. 42.)

In relevant part, Rule 41(a)(1)(A) provides as follows:

> [A] plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared.

Fed. R. Civ. P. 41(a)(1)(A). Rule 41 thus allows the parties to dismiss an action voluntarily, after service of an answer, by filing a written stipulation to dismiss signed by all the parties who have appeared, although an oral stipulation in open court will also suffice. *See Eitel v. McCool*, 782 F.2d 1470, 1472-73 (9th Cir. 1986).

Once the stipulation between the parties who have appeared is properly filed or made in open court, no order of the court is necessary to effectuate dismissal. Case law concerning stipulated dismissals under Rule 41(a)(1)(A)(ii) is clear that the entry of such a stipulation of dismissal is effective automatically and does not require judicial approval. *Commercial Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1077 (9th Cir. 1999). Because the parties have filed a stipulation for dismissal of this case with prejudice under Rule 41(a)(1)(A)(ii) that is signed by all who have made an appearance, this case has terminated.[1] Fed. R. Civ. P. 41(a)(1)(A)(ii).

Based on the foregoing, IT IS HEREBY ORDERED that the Clerk of Court SHALL assign a district judge to this matter and thereafter CLOSE the case.

IT IS SO ORDERED.

Dated:   **September 14, 2021**          /s/ *Sheila K. Oberto*
                                                              UNITED STATES MAGISTRATE JUDGE

---

[1] Despite Plaintiffs purportedly stipulating "on behalf of . . . all others similarly situated" (*see* Doc. 42 at 1), there has been no certification of a class in this case and, thus, the putative class members are not parties to this action.